

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ARLENE LOUISE PERKINS and RICHARD )
PERKINS ) Case No:  1:07CV1185LG-RHW
)
Plaintiffs, ) Judge:
)
vs. ) Magistrate Judge:
)
UNITED STATES OF AMERICA and )
ASHBRITT, INC. )
) Jury Trial Requested
Defendants. )
_____ )

## COMPLAINT

NOW INTO COURT, through undersigned counsel, come ARLENE LOUISE PERKINS

and RICHARD PERKINS, and aver as follows:

The Parties

1.    Plaintiffs herein are Richard and Arlene Louise Perkins, married adult residents of

Waveland, Mississippi.

2.    Defendants herein are:

a.    The United States of America; and

b.    Ashbritt, Inc., a Florida corporation with its principal place of business in Florida.

Jurisdiction and Venue

3.    This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1332 because

complete diversity exists among plaintiffs and defendants and because the amount in

controversy exceeds $75,000.00 exclusive of interest and costs.

1

4.   This Court also has jurisdiction to hear this matter pursuant to the Federal Tort Claims
     Act, 28 U.S.C. § 1346(b)(1) because it involves a claim for damages against the United
     States of America. Because Plaintiffs' claims against Ashbritt and the United States form
     portions of the same case and controversy, this Court also has jurisdiction over Plaintiffs'
     claims against Ashbritt pursuant to 28 U.S.C. § 1367.

5.   Venue is proper in the Southern District of Mississippi pursuant to 28 U.S.C. §§ 1391-92
     because a substantial part of the events giving rise to these claims occurred in this District
     and a substantial part of the property that is the subject of the action is situated in this
     District.

Factual Background

6.   On 29 August 2005 Hurricane Katrina struck the Mississippi Gulf Coast causing
     extensive and catastrophic damages by force of wind and related weather events all of
     which caused loss of life and property as more fully described herein. Upon striking the
     Mississippi Gulf Coast, Hurricane Katrina drove inland spawning tornados and causing
     additional damage to homes and property across the State of Mississippi.

7.   Plaintiffs owned a home in Waveland, Mississippi at 90 Adrienne Court that was
     destroyed by Hurricane Katrina.

8.   Shortly after Katrina, Plaintiffs began the long process of surveying their damage and
     recovering and salvaging the surviving property. The process was made longer by the
     fact that Plaintiffs were living in a temporary home that was not adjacent to their property
     in Waveland. Plaintiffs would visit their Waveland property every weekend and load a
     vehicle with their salvageable property and building materials, and return to their
     temporary home during the workweek.

9.    Plaintiffs had placed yellow caution tape around their property to deter entry and notify others that the salvaging process was ongoing.

10.    On 10 February 2006, Plaintiffs arrived at their Waveland property to find that Defendants' heavy equipment had driven through their yellow caution tape, and had destroyed much of Plaintiffs' salvageable property.

11.    The heavy equipment was operated by employees of Defendant Ashbritt, Inc. ("Ashbritt"), and these employees advised they were under the direction of the United States Army Corps of Engineers ("Corps"), an agency of the United States of America. The Corps had the power to control the detailed physical performance of Ashbritt's employees.

12.    Plaintiffs convinced Ashbritt's employees to cease destroying their possessions, and to leave the property, however their activities had already resulted in approximately $149,000.00 of damage to Plaintiffs' possessions. These damages include both personal property and salvageable building materials that were destroyed by Defendants' actions.

13.    Several months later, when their salvage activities were complete, Plaintiffs signed a Right of Entry form allowing the Defendants access to their property to complete debris removal. However, neither Defendant had received permission to enter the property on or before 10 February 2006.

14.    Plaintiffs received no notice from either Defendant that their property was slated for debris removal activities on 10 February 2006. Thus, Plaintiffs had no opportunity to take further steps to prevent the trespass or property damage.

3

15.    Plaintiffs timely submitted Federal Form 95s to the Corps' Vicksburg office on 29 January 2007 demanding compensation for their injuries, pursuant to the terms of the FTCA.

16.    The Corps denied Plaintiffs' demand on 14 September 2007, asserting that Ashbritt, not the Corps, was responsible for the damage to Plaintiffs' property.

Causes of Action

17.    The above and foregoing actions and failures on the part of the Defendants give rise to causes of action in negligence and trespass under Mississippi common law as well as the Federal Tort Claims Act.

18.    Because Defendants had no invitation, permission or other authority to enter onto Plaintiffs' property on 10 February 2006, they were trespassers pursuant to Mississippi law and the Federal Tort Claims Act ("FTCA").    28 U.S.C. § 1346(b)(1); *Thomas v. Harrah's Vicksburg Corp.*, 734 So. 2d 312, 315 (Miss. Ct. App. 1999).    Consequently, Plaintiffs are entitled to compensation for the injuries they suffered as a result of Defendants' trespasses.

19.    Moreover, because Plaintiffs had posted caution tape and other signals indicating their desire to prevent incursions onto their property, Defendants' decision to enter onto Plaintiffs' property was willful, wanton, grossly negligent and a trespass. Defendants are therefore liable for all damages that resulted from their negligence pursuant to Mississippi law and the FTCA.

20.    Defendants actions were willful, reckless and outrageous, and foreseeably caused Plaintiffs considerable emotional distress and mental anguish.  Plaintiffs therefore seek

compensation for outrage, intentional infliction of emotional distress and negligent infliction of emotional distress pursuant to Mississippi law and the FTCA.

Relief Sought

21.    Plaintiffs seek to recover for the value of the property destroyed by Defendants' tortious conduct in addition to compensation for their emotional distress and mental anguish, as well as all reasonable fees and costs, including attorney and expert fees, associated with presenting their claim to the Army Corps of Engineers and filing the instant suit, and such other elements of damage as will be shown at the trial of the merits herein.

22.    In addition to all other relief sought from State Farm herein, the Plaintiffs seek and are entitled to receive punitive damages for the egregious, willful, and wanton conduct of Defendants. *Chevron Oil Co. v. Snellgrove*, 175 So. 2d 471, 475 (Miss. 1965); Miss. Code Ann. § 11-1-65.

23.    Plaintiffs request a jury trial pursuant to Fed. R. Civ. P. 38(b) and Local Rule 38.1.

Wherefore, Plaintiffs Arlene Louise Perkins and Richard Perkins, pray that after due proceedings are had, that there be judgment rendered in their favor and against Defendants the United States Army Corps of Engineers and Ashbritt, Inc., for all damages prayed for above, plus recovery of all costs and litigation expenses as provided for by 28 U.S.C. § 1920, plus legal interest under 28 U.S.C. § 1961, plus all other general, legal and equitable relief this Court is empowered to give.

Respectfully submitted this 6th day of November, 2007.

F. GERALD MAPLES, P.A.

/s/ _____
F. Gerald Maples, T.A. (MS Bar #1860)
    federal@geraldmaples.com
Stephen M. Wiles (*pro hac vice*: 44113)

5

smwiles@fgmapleslaw.com
Carlos A. Zelaya, II (*pro hac vice*: 44645)
czelaya@fgmapleslaw.com
Alexander J. Williamson (*pro hac vice*: 44986)
awilliamson@fgmapleslaw.com
902 Julia Street
New Orleans, Louisiana 70113
Telephone: (504) 569-8732
Facsimile:  (504) 525-6932

Counsel for Plaintiffs Arlene Louise
Perkins and Richard Perkins


PLEASE SERVE:

United States Army Corps of Engineers
Vicksburg District
Attn:  Office of Counsel
4155 Clay St.
Vicksburg, MS 39183-3435


Dunn Lampton
U.S. Attorney
Southern District of Mississippi
188 East Capitol Street
One Jackson Place, Suite 500
Jackson, Mississippi 39201


Peter D. Keisler
Acting United States Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001


Ashbritt, Inc.
Through its Registered Agent for Service of Process
CFRA, LLC
Corporate Center Three At Int'l Plaza
4221 W. Boy Scout Blvd, 10th Floor
Tampa, FL 33607-573