# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

| | | |
|---|---|---|
| ARLENE LOUISE PERKINS and RICHARD PERKINS | § § § | PLAINTIFFS |
| v. | § § | CAUSE NO. 1:07cv1185 LG-RHW |
| UNITED STATES OF AMERICA and ASHBRITT, INC. | § § § | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

THE MATTER BEFORE THE COURT is Defendant Ashbritt, Inc.'s Motion [38] for summary judgment or to dismiss for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1). Plaintiffs have filed a response and Ashbritt has replied. After due consideration of the submissions, pleadings and the relevant law, it is the Court's opinion that it lacks subject matter jurisdiction of this case, accordingly, the Motion to Dismiss will be granted.

### DISCUSSION

Plaintiffs Arlene and Richard Perkins initiated this lawsuit against the United States of America[1] and Ashbritt complaining of Ashbritt's entry onto their property in Hancock County, Mississippi during Hurricane Katrina debris cleanup activities. Plaintiffs allege that Ashbritt's entry was unauthorized and resulted in damage to their property. They bring state-law claims of negligence, trespass, outrage, and intentional and negligent infliction of emotional distress. They contend that the United States waived its sovereign immunity to these claims pursuant to the Federal Tort Claims Act.

---

[1] The United States has been dismissed from this suit by agreement of the parties.

Ashbritt agrees that it did have a contract with the U.S. Army Corps of Engineers for debris removal and cleanup after Hurricane Katrina, and the contract encompassed the Plaintiffs' property. However, Ashbritt asserts that the uncontradicted evidence shows that a subcontractor, LS Enterprises No. 13, performed the actual debris removal complained of by the Plaintiffs. Because the Plaintiffs did not allege in their complaint that Ashbritt was vicariously liable for the actions of its subcontractor, Ashbritt argues it is entitled to dismissal under Rules 12(b)(1) and 56. *See Indian Harbor Ins. Co. v. Valley Forge Ins. Group*, 535 F.3d 359, 364 (5th Cir. 2008) (allegations of contractor's direct negligence not sufficient to allege vicarious liability for actions of subcontractor).

Ashbritt also contends that the Court lacks subject matter jurisdiction of Plaintiffs' claims because as a contractor of the U.S. Army Corps of Engineers, Ashbritt enjoys derivative governmental immunity from suit. Ashbritt claims immunity through the Corps of Engineers' own immunity from certain tort claims pursuant to the Federal Tort Claims Act. *In re Supreme Beef Processors, Inc.*, 468 F.3d 248, 252, n.4 (5th Cir. 2006) (the FTCA is the sole basis of recovery for tort claim against the United States). Ashbritt requests dismissal pursuant to FED. R. CIV. P. 12(b)(1). Because it is dispositive, the Court first resolves the issue of subject matter jurisdiction.

*The Legal Standard*:

In examining a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the district court is empowered to consider matters of fact which may be in dispute. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). A district court has broader power to decide its own right to hear

the case than it has when the merits of the case are reached. "Jurisdictional issues are for the court - not a jury - to decide, whether they hinge on legal or factual determinations." *Williamson*, 645 F.2d at 413. "This means that the district court is not limited to an inquiry into undisputed facts. It may hear conflicting written and oral evidence and decide for itself the factual issues which determine jurisdiction." *Id*.

*The FTCA's Discretionary Function Exclusion*:

The FTCA is subject to strict limitations, one of which is the discretionary function exception codified at 28 U.S.C. § 2680(a).[2] Claims based upon "a discretionary function or duty" of a federal agency cannot be brought against the United States. *Supreme Beef*, 468 F.3d at 252. Courts are to apply a two-prong test in determining whether challenged conduct is the result of a discretionary function or duty. *Berkovitz ex rel. Berkovitz v. United States*, 486 U.S. 531, 536 (1988). The Court first considers whether the nature of the challenged governmental conduct involves an element of judgment or choice. Then the Court determines whether the judgment or choice exercised, if any, was grounded in social, economic, and political policy of the sort that Congress sought to shield or protect from second-guessing. *Id.* at 536-37.

In a similar case, the court in *Sunrise Village Mobile Home Park v. Phillips & Jordan, Inc.*, 960 F. Supp. 283 (S.D. Fla. 1996) dismissed a claim under the FTCA for damage to the

---

[2] 28 U.S.C. § 2680(a), entitled Exceptions, provides that the FTCA waiver of immunity does not apply to:

> [a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

plaintiffs' property in removing debris following a hurricane. The court found that it lacked subject matter jurisdiction, because the alleged governmental negligence in monitoring and supervising its contractor was within the FTCA's discretionary function exception to its waiver of sovereign immunity under 28 U.S.C.A. § 2680(a). As to the first prong of the test for determining whether a particular function is discretionary, the court commented that the relevant inquiry focused on the existence of a controlling statute or regulation that mandated performance of a function in a specific manner. The court observed that in the aftermath of a disaster, such as the hurricane in the instant case, federal agencies, at the direction of the President, were explicitly authorized by the Disaster Relief and Emergency Assistance Act, 42 U.S.C.A. § 5173, to remove debris. The agencies alleged to be at fault, the Federal Emergency Management Agency and the Army Corps of Engineers, acted within such authority when contracting for debris removal, the court said, authority that clearly left room for agency judgment on which property should be cleared, whether to include private property in the cleanup, and so forth. *Sunrise Village*, 960 F. Supp. at 286. As to the second prong of the discretionary function test, the court said that the government's decisions on when, where, and how to remove debris after a major disaster were exactly the sort of policy-imbued decisions falling within the second prong of the test. *Id*.

The Court finds that the actions Plaintiffs complain of here are the result of a discretionary function or duty of the United States under *Berkovitz*, for which the government has not waived its immunity from suit. As a governmental contractor, Ashbritt may assert this same immunity from suit. "When a contractor acts under the authority and direction of the United States, it shares in the immunity enjoyed by the Government." *Zinck v. ITT Corp.*, 690 F. Supp. 1331, 1333 (S.D.N.Y. 1988) (citing *Yearsley v. W.A. Ross Constr. Co.*, 309 U.S. 18 (1940)). The

crucial element is whether Ashbritt acted in compliance with "reasonably precise specifications" approved by the United States. *Boyle v. United Tech. Corp.*, 487 U.S. 500, 512 (1988). The very essence of the defense is to "prevent the contractor from being held liable when the government is actually at fault." *Trevino v. Gen. Dynamics Corp.*, 865 F.2d 1474, 1478 (5th Cir. 1989). If, however, Ashbritt was acting independently of precise government directions and approvals, the defense does not apply. *Trevino*, 865 F.2d at 1480. Furthermore, the government must supervise and control the contractor's actions, for if it does not, or if it fails to exercise supervisory judgment as to the particularities of the project, state law allowing lawsuits for negligence and federal policy providing for immunity are not in conflict, and displacement of state law may not be warranted. *Tate v. Boeing Helicopters*, 55 F.3d 1150, 1154 (6th Cir. 1995). Thus, derivative immunity arises where the government: (a) approves in its discretion reasonably precise specifications, (b) supervises and controls the implementation of those specifications, and (c) the contractor is not aware of reasons unknown to the government why the application is unsafe or unreasonable. *Trevino*, 865 F.2d at 1480.

The evidence in this case shows that the U.S. Army Corps of Engineers entered into a contract with Ashbritt, directing it to clear and remove all disaster-generated debris in the State of Mississippi. Ct. R. 38-2 p. 2, 14. Prior to any removal work, the property owner was required to execute a Right-Of-Entry form, and a Corps "discovery team" would "try to outline what they thought were the property boundaries." Ct. R. 38-7 p. 5. The Plaintiffs had not executed an ROE for their property, but their neighbor had. *See* Ct. R. 48-2 p. 1. The Corps of Engineers maintained a constant, supervisory presence at the worksite through its Quality Assurance Representative John Corlew. Work was progressing on the Plaintiffs' neighbor's property when

Arlene Perkins observed debris removal equipment operating on her property. Ct. R. 38-8 p. 96. She estimated that the excavator was 60 feet inside of her property line. *Id*. at 97. She spoke with Corlew, who phoned the property owner - Plaintiffs' neighbor. At Corlew's request, Plaintiffs' neighbor arrived on the scene to help Corlew resolve the property boundary dispute. Ct. R. 38-7, p. 14. They were unable to be precise because of the large amount of debris on the property, and so the contractor was instructed to "get back several feet from where he was grabbing debris." *Id*. at 15; Ct. R. 48-2 p. 3. Corlew could not say that the contractor had encroached onto the Plaintiffs' property: "Well, I'm not sure that they did go into her property. I've never been able to determine that, and the property owner of the ROE was unable to determine that. I know that's been alleged, but we were never able to determine that." *Id*. at 17.

From Corlew's testimony and the language of the contract, it is clear that the Corps retained for itself the responsibility to designate the specific areas to be cleaned, and the manner in which they would be cleaned. Furthermore, the cleanup operations were conducted under the constant supervision and control of the Corps. Finally, there is no indication that the contractor was aware of reasons, not known to the Corps, why the application was unsafe or unreasonable. Ashbritt was therefore performing work within the specifications provided by the government when it allegedly trespassed onto the Plaintiffs' property. The Court finds that the summary judgment evidence leads to the conclusion that Ashbritt was acting in compliance with reasonably precise specifications in clearing the property next to the Plaintiffs' property. There is no evidence that Ashbritt had any part in identifying property boundaries, nor that the equipment operators disregarded property boundary markers placed by the Corps. If there was a trespass, it appears to be the fault of the Corps and not Ashbritt. As Ashbritt is entitled to assert the

government's immunity from suit, the Court lacks subject matter jurisdiction of Plaintiffs' claims.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant Ashbritt, Inc.'s Motion [38] to Dismiss for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1) is **GRANTED**. Plaintiffs' claims are dismissed without prejudice.

**SO ORDERED AND ADJUDGED** this the 21st day of August, 2009.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE